**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

ALEJANDRO MACHUCA,

Petitioner,

vs.

ROB BARNES,

Respondent.

/

No. 2:16-CV-0821-MCE-CMK-P

FINDINGS AND RECOMMENDATIONS

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's unopposed motion to dismiss (Doc. 12). Respondent argues the instant petition was filed beyond the one-year statute of limitations and is, therefore, untimely.

## I. BACKGROUND

Petitioner challenged a July 8, 2013, prison disciplinary decision. Petitioner completed the prison appeal process on October 14, 2013. Petitioner states in the petition that he began the state court review process on May 26, 2015, by filing a petition for a writ of habeas corpus in state court.

## II. DISCUSSION

In cases challenging prison disciplinary proceedings, the limitation period begins to run the day after the petitioner receives notice of final denial of his administrative appeals. See Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004). There is a presumption, which the petitioner may rebut, that notice was received the day the denial was issued. See Valdez v. Horel, 2007 WL 2344899 (E.D. Cal. 2007).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending"during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

/ / /

/ / /

/ / /

In this case, petitioner's administrative appeal process was completed on October 14, 2013. Because petitioner did not begin the state court review process until May 2015 – well after the one-year limitation period ended in October 2014 – petitioner is not entitled to any tolling. The instant federal petitioner was filed in April 2016 and is untimely.

**III. CONCLUSION**

Based on the foregoing, the undersigned recommends that respondent's unopposed motion to dismiss (Doc. 12) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 17, 2016

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE